UNITED STATES of America,

v.

Monica Blanca MANZANO–
EXCELENTE, Defendant.

No. 94 Cr. 393 (CSH).

United States District Court,
S.D. New York.

Dec. 5, 1996.

*MEMORANDUM AND ORDER*

HAIGHT, Senior District Judge:

I am persuaded by the government's letter dated December 2, 1996 that the Court's Memorandum and Order dated July 29, 1996 requires amendment in one respect.

At page 8 of that memorandum, I said this: Manzano submitted to a polygraph test with respect to the veracity of her answers to those four questions. Manzano wished to have the polygraph examiner testify at the hearing, but I sustained the government's objection. The government stipulated that Manzano passed the test.

The last sentence of that paragraph overstates the government's position. In point of fact, the government did not stipulate that Manzano had passed the polygraph examination. Rather, the government's stipulation was that Manzano "took the lie detector test and that Mr. Lorendi [defendant's proffered expert witness] would testify that she passed it." Transcript of May 23, 1996 hearing at 4. That is the stipulation that the Court accepted on the record. This is a material difference.

Accordingly, the Court amends its Memorandum and order dated July 29, 1996 by deleting the quoted paragraph from page 8, and substituting therefor the following paragraph:

Manzano submitted to a polygraph test with respect to the veracity of her answers to those four questions. Manzano wished to have the polygraph examiner testify at the hearing, but I sustained the government's objection. The government signified its willingness to stipulate that Manzano took a lie detector test and that the polygraph examiner would testify, if allowed to do so, that Manzano passed the test. I accepted that stipulation. The examiner did not testify.

It is important to amend the July 29, 1996 memorandum in this respect not only for the sake of accurately recounting what occurred, but to cure any impression that the government conceded or the Court found that polygraph evidence is sufficiently reliable to justify its admission in court proceedings. The great weight of authority is to the contrary. Indeed, it was on the basis of that authority that I sustained the government's objection to the proffered testimony of the polygraph examiner in this case.

The Court's July 29, 1996 memorandum is amended as set forth in this memorandum.